## COMMONWEALTH *vs.* PATRICK QUIN.

It is no ground of exception that the court refused to allow a witness, who had testified that he had formerly been known by another name, to be asked on cross-examination why he had then given that as his name.

The fact that a witness has been in the house of correction cannot be proved by cross-examination of the witness, but must be proved by the record of his conviction.

A complaint, made "in behalf of the Commonwealth," and alleging an offence in a particular city and county (corresponding in name to a city and county of the Commonwealth) against a statute, the title and date of which are stated and rightly describe a statute passed by the legislature of the Commonwealth, sufficiently shows that the offence was committed within the Commonwealth, without any caption, or venue in the margin.

A certificate, signed as clerk, by one who is actually clerk of a police court, that "the aforesaid complainant made oath to the truth of the foregoing complaint before said court," sufficiently shows that the complaint in question, purporting to be made by "John H. Newton," and signed "J. H. Newton," was signed and sworn to by John H. Newton, within the Commonwealth.

THE complaint in this case had no caption, and no venue in the margin, but was in these words:

" To the Justice of the Police Court within and for the city of Salem in the county of Essex. John H. Newton, constable of the city of Salem, in behalf of the Commonwealth of Massachusetts, on oath complains that Patrick Quin of Salem in said county, on the sixteenth day of June A. D. 1855, at Salem aforesaid, did sell to one John Wentworth a certain quantity of intoxicating liquor, to wit, one gill of gin (the same being intoxicating liquor) in violation of the provisions of an act approved on the twentieth day of April in the year of our Lord eighteen hundred and fifty five, entitled ' an act concerning the manufac-

ture and sale of spirituous and intoxicating liquors,' the said Patrick Quin not being then and there duly authorized under the provisions of said act to make such sale; in evil example to all others in like cases to offend, against good morals, against the peace of said commonwealth and the form of the statute in such case made and provided. He therefore prays said defendant may be apprehended and brought before said court, and held to answer to this complaint and further dealt with relative to the same according to law.                  J. H. Newton."

" Essex, ss. The nineteenth day of June in the year of our Lord one thousand eight hundred and. fifty five the aforesaid complainant made oath to the truth of the foregoing complaint before said court.                  Sam'l P. Andrews, Clerk."

A trial was had in the court of common pleas before *Briggs,* J., who signed the following bill of exceptions :

" John Wentworth was called by the government as a witness, and testified to the sale as charged in the complaint. In the course of a particular and thorough cross-examination, in which many questions in relation to collateral matters had been put to the witness by the defendant's counsel, he was asked, if he had lived in Middleton, which he answered in the affirmative. He was then asked, if he was not in Middleton called John Shores; he said he was. He was then asked, why he had then given his name as John Shores ; the court ruled that this question should not be put.

" The defendant's counsel then asked the witness, if he had not been in the house of correction; the court informed the witness that he might answer this question or not, as he pleased ; the witness declined answering the question. The court ruled the question should not be answered, for these reasons : the personal privilege of the witness ; and because, if the fact existed, it should be proved by the prison record.

" The defendant's counsel then asked the witness, if he had been in the house of correction more than once ; the court ruled that this was an improper question.

" To these rulings and instructions the defendant excepts."

The defendant also moved in arrest of judgment, 1st. Be-

cause the complaint did not aver that the offence was committed within the Commonwealth of Massachusetts ; 2d. Because it did not appear to have been subscribed and sworn to by the complainant, John H. Newton ; 3d. Because it did not sufficiently appear to have been sworn to in this commonwealth, or before any officer qualified to administer an oath.    This motion was overruled, and the defendant again excepted.

*D. Saunders, Jr.* for the defendant.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

METCALF, J.    1. The question, why the witness had changed his name, was immaterial, and for that reason, if for no other, the judge rightly ruled that it should not be put.

2. The other questions were improperly put to the witness. They involved the fact of a previous conviction, or previous convictions, which could be proved only by record.    1 Greenl. Ev. § 407.

3. The alleged defect in the complaint, by reason whereof it is contended that it does not show that the offence complained of was committed within the Commonwealth, is the omission in the margin, of the words " Commonwealth of Massachusetts · Essex, ss."    This is not a cause for arresting judgment.    The purpose of a venue, in the margin of an indictment, is to designate the county in which the party accused is to be tried ; and that, by the common law, always was the county in which the offence was committed.    See 2 Gabbett Crim. Law, 202, 209 *&amp; seq.;* 1 Stark. Crim. Pl. *c.* 13.    But we do not understand that it ever was necessary to insert the county in the margin if it was inserted in the body of the caption.    Lord Hale says, and it is so stated in many books, that "the name of the county must be in the margin of the record, *or* repeated in the body of the caption."    2 Hale P. C. 165.    It is usual to name the county in the margin ; and if, in the body of the caption, the county is not named, but is termed " the county aforesaid," it will be taken to be the county named in the margin.    If however a proper venue is set forth in the caption, there can be no reason for inserting it in the margin.    See 1 Saund. 308, *note* (1) ;    *The Queen* v. *O' Connor,* Dav. &amp; Meriv. 761.

In a complaint before a justice of the peace, or police court, we believe it has never been the practice to insert the county in the margin. See D. Davis's Justice, (3d ed.) 233 *& seq.* However this may be, if the county sufficiently appear in the body of a complaint, the want of venue in the margin cannot be more material than it is in an indictment. And in this case it seems to us that the complaint sufficiently charges that the alleged offence was committed in Salem in the county of Essex in this commonwealth. It was made in behalf of the Commonwealth, and alleges an offence against a statute, the title and date of which are stated, and rightly describe a statute passed by the legislature of this commonwealth. It was made to the police court for the city of Salem in the county of Essex, and avers that the defendant, at Salem aforesaid, did sell, &c. All that would have appeared on the complaint, if the omitted words had been at the head or in the margin of it, now appears, either in its express terms or by necessary implication.

In England, by *Sts.* 7 & 9 G. 4, no judgment upon any indictment for any felony or misdemeanor shall be stayed or reversed for the want of a proper or perfect venue, where the court shall appear, by such indictment, to have had jurisdiction of the offence.

4, 5. The clerk of the police court in Salem certifies that the oath to the complaint was made before that court. The objections, that it does not appear that this was done within the Commonwealth, and that it does not appear that *John* H. Newton signed the complaint, require no answer.

*Exceptions overruled.*